Please docket this traverse to answer and points and authorities. A typed copy will be on the way soon.
thank-you
Lynn D. Harris
6-15-07



06cv789 ***
FILED
JUN 19 2007
RG Scan't
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

LYNN HARRIS,  )
Petitioner,    )
         )
v.        ) Civ. Act. No. 06-789 ***
         )
THOMAS CARROLL, Warden et. al., )
Respondants.  )
         )

PETITIONER'S TRAVERSE TO ANSWER

CUSTODY

Petitioner agrees that he is in custody as stated in page 2, of the Answer. Petitioner claims that he is not "lawfully" in custody because of the violations of his rights under the U.S. Constitution that are alleged in the "Grounds" section of his Petition for a Writ of Habeas Corpus. Except as expressly admitted herein, Petitioner denies each and every allegation of the Answer and re-affirms that his confinement is in violation of the Constitution.

STANDARD OF REVIEW

Petitioner agrees that the petition is governed by the AEDPA. However, Petitioner contends that the State Court unreasonably determined the facts, and that the facts which

-1-

<u>Petitioner's Traverse</u>

the State Court's "findings" are ~~based on~~ contradicted by clear and convincing evidence in the record under § 2254 (d)(2) for ground one's finding of "reasonable articulate suspicion" under Delaware statute 11 Del C §1902 based on the 4th Amendment. The State Court's were objectively unreasonable in their fact finding on an intrinsic level. <u>Taylor v Maddox</u> 366 F3d 992 (9th Cir. 2004); <u>Campbell v Vaughn</u> 209 F3d 280, 286 (3rd Cir 2000) (facts implicit and explicit). The same unreasonable determination of facts by State Courts was performed in Petitioner's ground two <u>Miranda</u> and ground three <u>Sufficiency of Evidence</u> claims, the "Voluntariness" of confession is not an issue of fact presumed correct under habeas proceeding, but ultimate issue of voluntariness is a legal question requiring federal determination <u>Miller v Fenton</u> 474 US 104, 112 (1985)(citing) <u>Lego v Twomey</u> 404 US 477 (1972) and <u>Mincey v Arizona</u> 437 US 385, 398 (1978). To be given Plenary review. <u>Rogers v Richmond</u>, 365 US 534 (1961).

In the Sufficiency of Evidence, the proper review standard is that the Court views evidence most favorable to the "verdict," meaning that any "contradictory" or impeachment evidence will not be considered. <u>Jackson v Virginia</u> 443 US 307 (1979). Factual innocence is actual innocence, where no factual basis to support offense. Accord <u>US v Garth</u> 188 F3d 99, 107 (3rd Cir 1999) "As discussed, we look to non-Supreme Court cases not because the State Court was obliged to rely on them, but as evidence of what court would view as reasonable interpretation

-2-

<u>Petitioners Traverse</u>

of Supreme Court Law... Our canvass of decisions of our own and sister courts reinforces our view that [a] state court order... was [, or was] not an objectively unreasonable application of Supreme Court case law. <u>Fischetti v. Johnson</u>, 384 F3d 140, 152 n.5 (3rd cir 2004)

<u>EXHAUSTION</u>

The State agrees that Petitioner has exhausted all the claims presented in his Petition for Habeas Corpus in the Answer.

<u>PROCEDURAL ISSUES</u>

The Petition is timely under AEDPA and there have been no state procedural defaults.

Petitioner Denies that Ground One's claim that police lacked reasonable articulated suspicion to stop him, is not cognizable in federal habeas, because the State provided him with Ineffective Assistance of Counsel, and this deficient counsel failed to perform an on the scene investigation of pertinent facts and failed to perform adequate legal research of the law in this area of the law. One point for example is that, counsel permitted the State Trial Courts finding that an "anomymous tipster" is given a title "a concerned citizen" and allowed a suppression order to stand without a direct appeal to the State Supreme Court that has overturned these nonreliable and unidentified phone call tipsters unless the police officers

-3-

<u>Petitioner's Traverse</u>

perform their own independant observation and investigation into a suspects activities.

Petitioner denies he was provided with a "full oppertunity" to litigate this ground given the State Courts unreasonable determinations of facts and conclusions of law which are contrary to, and consist of an unreasonable application of clearly established U.S. Supreme Court law. And he was provided with deficient trial and appellant counsel, who did not have an understanding of either the pertinent facts of this case, nor knowledge in the law applicable to those facts. Restrictions on federal habeas review of state Fourth Amendment claims do not extend to Petitioner who also relies on an Ineffective Assistance of Counsel claim. KIMMELMAN v. MORRISON, 477 US 365 (1986) (Counsels failure to litigate a state prisoners Fourth Amendment claim competently)

INCORPATION BY REFERENCE

PLEASE FULLY INCORPORATE: THE ATTACHED POINTS AND AUTHORITIES TO PETITIONERS TRAVERSE TO ANSWER";

All Supporting Exhibits and Points and Authorities previously filed with this action.

PRAYER FOR RELIEF

WHEREFORE, for the reasons set forth herein and in the documents incorporated by reference, Petitioner respectfully requests that the court:

1. grant the writ of habeas corpus, reverse Petitioner's

-4-

<u>Petitioner's Traverse</u>

conviction, and order a new trial;

    2. appoint counsel for Petitioner; and

    3. grant all other appropriate relief relevant to the grounds raised in this petition.

Respectfully submitted,

Dated: 6 15 07

*Lynn Harris* #
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

-5-

# Certificate of Service

I, _Lynn Harris_, hereby certify that I have served a true and correct cop(ies) of the attached: "_Petitioners Traverse To Answer_," and "_Petitioner's Points & Authorities...Traverse_ upon the following parties/person (s):

TO: _James T. Wakley - DAG_
_Office of the Attorney General_
_820 N. French Street_
_Wilmington, DE 19801_

TO: _____

TO: _____

TO: _____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, 1181 Paddock Road, Smyrna, DE 19977.

On this _6_ day of _15_____, 2007

_Lynn Harris_
Lynn Harris Pro-se
Del. Corr. Center
1181 Paddock Rd -
Smyrna, DE 19977

INM Lynn Harris
SBI# 247441    UNIT 22
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

United States District Court
Wilmington Delaware
Lock Box 18 "844 King Street
Clerk

19801


