IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LYNN HARRIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civ. Action No. 06-786-*** |
| ) | |
| THOMAS CARROLL, ) | |
| Warden, and JOSEPH R. ) | |
| BIDEN, III, Attorney ) | |
| General of the State of ) | |
| Delaware, ) | |
| ) | |
| Respondents.[1] ) | |

FILED

JUL -9 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

**ORDER**

At Wilmington this 9 day of July, 2007;

IT IS ORDERED that:

Petitioner Lynn Harris' motion for the appointment of counsel is DENIED without prejudice to renew. (D.I. 11)

Petitioners do not have an automatic constitutional or statutory right to representation in federal habeas proceedings. See *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991); *United States v. Roberson*, 194 F.3d 408, 415 n.5 (3d Cir. 1999). A court may, however, seek legal representation for a petitioner "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [petitioner] resulting . . . from [petitioner's] probable inability without such assistance to present the facts and legal issues to the

---

[1]Attorney General Joseph R. Biden, III assumed office in January, 2007, replacing former Attorney General Carl C. Danberg, an original party to this case. *See* Fed. R. Civ. P. 25(d)(1).

court in a complex but arguably meritorious case." *Tabron v. Grace*, 6 F.3d 147, 154 (3d Cir. 1993)(citing *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); 18 U.S.C. § 3006A (a)(2)(B)(representation by counsel may be provided when a court determines that the "interests of justice so require").

Here, Harris seeks the appointment of counsel because he is incarcerated, he has limited access to the law library, he is unskilled in the law, and he contends that his appellate counsel provided ineffective assistance. However, after reviewing Harris' motion and the documents filed in the instant proceeding, the court conclude that the "interests of justice" do not warrant the appointment of counsel at this time. Although incarceration does limit Harris' ability to investigate the facts and law of his case, Harris does, in fact, have access to the prison law library. Further, the court does not believe that this case is, at present, so factually or legally complex that it requires the appointment of counsel. Harris' claims appear to be fairly "straightforward and capable of resolution on the record," and Harris appears to have a sufficient understanding of these issues to coherently present his case. *Parham v. Johnson*, 126 F.3d 454, 460 (3d Cir. 1997)(citations omitted). It also does not appear that expert testimony will be necessary or that the ultimate resolution of the petition will depend upon credibility determinations.

Honorable Mary Pat Thynge
U.S. Magistrate Judge