IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

LYNN HARRIS ~
~
Petitioner ~
~
V. ~  CIV,ACT,NO, 06-786 ***
~
~
Thomas Carroll, Warden ~
Respondents ~
~

## PETITIONERS TRAVERSE TO ANSWER

### Custody

Petitioner aggress that he is in custody as stated on page 2, of the answer. Petitioner claims that he is not lawfully in custody because of the violations of his rights under the V.S. constitution that are alleged in the "Grounds" section of his petition for a writ of Habeas corpus. Except as expressly admitted herein, petitioner denies each and every allegation of the Answer and re-affirms that his confinement is in violation of the constitution.

### Standard of Review

Petitioner agrees that the petition is governed by the AEDPA. However, Petitioner contends that the state court unreasonably determined the facts, and that the facts which the state court "Findings" are contradicted by clear and convincing evidence in the record under 2254` 9` `2d` for ground one's Finding of reasonable articulate suspicion under Delaware statute 11Del C (1902) based on the 4th amendment.

The state courts were objectively unreasonable in their fact finding on an intrinsic level. **Taylor v. Maddox** 366F3d992 9th cir 2004); Compell v. Vaughn 209 F 3d 280, 286 `3rd cir 2000 facts implicit and explicit. The same unreasonable determination of facts by state courts was performed in petitioners Ground Two **Miranda** and Ground Three sufficiently of evidence claims, the voluntaries of confession is not an issue of fact presumed correct under habeas proceeding, but altinatr issue of voluntaries is a legal question regarding federal determination;

**Petitioners Traverse**

**Miller v. Fenton** 474va107, 112 1989 citing **Lego v. Twomey** 404 vs. 477 (972) and **Mincoy v. Arizona** 437 vs. 385, 398 (1978) to be given plenary review, Rogers v. Richmond 365 vs. 534 (1961)

In the sufficiency of evidence, the proper review standard is that the court views evidence most favorable to the verdict; meaning that any contradictory or impeachment evidence will not be considered. **Jackson v. Virgie** 443 vs. 317 (1979). Factual innocence is actual innocence, where no factual basis to support offence, **Accord v. Garth** 188 F 3d 99, 107 `3`cir (1999). As discussed, we look to non-supreme court cases not because the state court was obliged to rely on them, but as evidence of what court would view as reasonable interpretation of Supreme Court law..... Our canvass of decisions of our own and sister courts reinforces our view that a state court order..... was or was not an objectively unreasonable application of Supreme Court case law. **Fischetti v. Johnson**, 384 F3d 140, 152 A,S 3rd cir (2004).

**Exhaustion**

The state agrees that petitioner has exhausted all the claims presented in his petition for habeas corpus in the Answer.

**Procedural Issues**

The petition is timely under AEDPA and there have been no state procedure defaults. Petitioner denies that ground one's claim that police lacked reasonable articulated suspicion to stop him is not cognizable in Federal habeas, because the state provided him with ineffective assistance of counsel, and this deficient counsel failed to perform as on the scene investigation of pertinent facts and failed perform adequate legal research of the law in this area of the law. One point, for example is that, counsel permitted the state trial court Finding that an "anonymous tipster" is given a title a concerned citizen and allowed a suppression order to stand without a direct appeal to the State Supreme Court that has overturned these nonreplicable and un-identified phone call tipsters unless the police officers perform their own independent observation and investigation into a suspects activities.

Petitioner denies he was provided with a full opportunity to litigate this ground given the state courts unreasonable determination of facts and conclusions of law which are contrary to and consist of an unreasonable application of clearly established US Supreme Court law and he was provided with deficient trial and appellant counsel who did not have an understanding of either the pertinent facts of this case, nor knowledge in the law applicable le to these facts. Restrictions on Federal habeas review of state fourth amendment claims do not extend to petitioner who also relies on an ineffective assistance of counsel claim. **Kimmelman v. Morrison** 477 us 365 (1986) counsels failure to litigate a state prisoners fourth amendment claim competently.

3

**Petitioner Traverse**

**Incorporation by Reference**

Please Fully Incorporate: The attached points and authorities to petitioners traverse to answer; all supporting exhibits and points and authorities previously filed with this action.

Prayer for Relief

    Wherefore, for the reason set forth herein and in the documents incorporated by reference, petitioner respectfully request that the court:

    1, grants the writ of habeas corpus, reverse petitioners conviction and order a new trial.
    2. Appoint counsel for petitioner; and
    3. grant all other appropriate relief relevant of the ground rises in this petition.

                                    Respectfully submitted

                                    Lynn Harris
                                    Delaware Correctional Center
                                    1181 Paddock Road
                                    Smyrna, DE 19977

Dated: 8/23/07

# TWO PAGE DIAGRAM OF SECTION OF ROUTE 13

# EXHIBIT A





## Certificate of Service

I, __Lynn Harris__, hereby certify that I have served a true and correct cop(ies) of the attached: "__Petitioners Traverse To Answer__," and "__Petitioner's Points & Authorities...Traverse__ upon the following parties/person (s):

TO: __James T. Wakley - DAG__
__Office of the Attorney General__
__820 N. French Street__
__Wilmington, DE 19801__

TO: ____

TO: ____

TO: ____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, 1181 Paddock Road, Smyrna, DE 19977.

On this _____ day of _____, 2007

_Lynn Harris_
Lynn Harris Pro-se
Del. Corr. Center
1181 Paddock Rd -
Smyrna, DE 19977